FILED
04/03/2025
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Jacqueline Majors
DV-16-2025-0000537-BC
McElyea, Rienne H.
1.00

Justin P. Stalpes, Esq.
Sam J. Johnston, Esq.
BECK, AMSDEN & STALPES, PLLC
610 Professional Dr.
Bozeman, MT 59718
Tel: 406-586-8700
Fax: 406-586-8960
justin@becklawyers.com
sam@becklawyers.com
info@becklawyers.com

*Attorneys for Plaintiffs*

* * * * * * *

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
GALLATIN COUNTY

* * * * * * *

| | |
|---|---|
| JACK MICHAEL ULMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, an individual,<br><br>Defendant. | Cause No. DV-16-2025-0000537-BC<br>Hon. Rienne H. McElyea<br><br>**COMPLAINT** |

Plaintiff Jack Michael Ulman alleges as follows in support of his complaint against Defendant:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jack Ulman is a citizen and resident of the State of Missouri. He is currently enrolled as a full-time undergraduate student at Montana State University in Bozeman, Montana. Jack intends to return to Missouri following graduation. He has not filed for Montana residency. His parents, Michael and Dawn Ulman, are Missouri residents and financially support Jack by paying for his rent, tuition, gas, groceries, and other expenses. Accordingly, Jack remains a member of his parents' household in Missouri.

2. Defendant Safeco Insurance Company of Illinois ("Safeco") is domiciled in Illinois and is admitted to conduct business in Montana. Safeco issued automobile policy number Z4777293 to Michael and Dawn Ulman, insuring multiple vehicles and listing Jack as a rated driver.

3. This Court has subject matter jurisdiction under Mont. Code Ann. § 3-5-302 and Article VII, Section 4 of the Montana Constitution.

4. Venue is proper in Gallatin County under Mont. Code Ann. § 25-2-122 because the underlying motor vehicle collision occurred in Bozeman, Montana, Safeco is conducting business in this county, and a substantial part of the acts and omissions giving rise to the claims asserted occurred in Gallatin County, Montana.

## FACTUAL ALLEGATIONS

5. On October 22, 2024, Jack Ulman was lawfully operating his personal motorcycle eastbound on Main Street in Bozeman, Montana when a westbound vehicle driven by Tahnee Stradtman made a negligent left-hand turn in front of him at the intersection of Rouse Avenue.

6. Ms. Stradtman failed to yield the right of way, in violation of Mont. Code Ann. §§ 61-8-207(1)(a) and 61-8-339. Jack had no time to avoid the collision. The crash violently ejected Jack from his motorcycle and caused serious bodily injuries.

7. Jack was diagnosed with a complex ulna fracture requiring surgery, a large pelvic hematoma, a concussion, and significant post-concussive symptoms including memory loss, fatigue, anxiety, and impaired cognitive function. He also sustained emotional injuries and significant disruption to his academic and personal life.

8. At the time of the crash, Ms. Stradtman was insured under a Progressive policy with bodily injury limits of $100,000, which were subsequently tendered to Jack.

9. The Safeco Policy No. Z4777293 issued to Jack's parents provides additional coverage to Jack. Jack's parents paid four separate premiums for four different vehicles listed on the policy, entitling Jack to stacked limits.

10. Jack is a listed rated driver on the policy and qualifies as an "insured" under its terms. Although the policy uses the undefined phrase "resident of your household," Jack remains a member of his parents' household under established law. He is financially dependent, intends to return home to Missouri, and maintains a familial and economic connection to his parents.

11. Montana law is clear: UIM coverage is "personal and portable," meaning they attach to people—not vehicles—and apply regardless of what the insured is riding or driving. *Jacobson v. Implement Dealers Mut. Ins. Co.*, 196 Mont. 542, 547–48, 640 P.2d 908 (1982); *Hardy v. Progressive Specialty Ins. Co.*, 2003 MT 85, ¶¶ 36–44, 315 Mont. 107, 67 P.3d 892; *Cross v. Warren*, 2019 MT 51, ¶¶ 17, 19.

12. Montana law governs this coverage dispute. The Safeco policy contains no choice-of-law provision. Under *Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶¶ 18–20, 315 Mont. 281, 68 P.3d 703, Montana is the place of performance. Jack's medical treatment occurred in Montana, the claim arose from an accident in Montana, and judgment will be rendered in Montana.

13. Jack has satisfied all conditions precedent to coverage. He is entitled to declaratory relief and damages.

## COUNTS

## COUNT ONE – DECLARATORY JUDGMENT

14. Plaintiff realleges and incorporates all prior paragraphs.

15. A justiciable controversy exists between the parties regarding the applicability of coverage under the Safeco policy.

16. By reason of the foregoing, a justiciable controversy exists as contemplated by Mont. Code Ann. § 27-8-101, et seq.

17. Pursuant thereto, Plaintiff seeks a declaration that he is entitled to coverage under Safeco Policy No. Z4777293.

18. Additionally, Plaintiff requests the Court enter an award of reasonable attorney fees and costs as authorized by Mont. Code Ann. § 27-8-313 and Montana common law.

## COUNT TWO – BREACH OF CONTRACT

19. Plaintiff realleges and incorporates all prior paragraphs.

20. Jack's parents entered into a contract of insurance with Safeco under Policy No. Z4777293. Jack qualifies as an insured under this policy and is entitled to benefits therefrom.

21. Jack has fully performed all obligations owed under the contract, or else is excused from performance due to Safeco's breaches.

22. Safeco's denial of coverage constitutes a breach of contract.

23. As a result of Safeco's breach, Jack has suffered incidental and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For a declaration of his rights under the subject insurance policy, including a declaration that Jack is entitled to coverage under the Safeco Policy.

2. For all damages caused by Defendant's breaches of contract.

3. For attorney fees, expenses, and costs incurred in this action, as permitted by common law, statute, or the parties' agreements.

4. For interest on all said sums as allowed by Montana law, including prejudgment interest.

5. For such other and further relief as permitted by law or deemed just and equitable by the Court.

DATED this 3rd day of April 2025.

/s/ *Justin P. Stalpes*
Justin P. Stalpes, Esq.
BECK AMSDEN & STALPES, PLLC

*Attorneys for Plaintiff*